STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of Middlebury        }
College and KW Middlebury,          }   Docket Nos. 124-7-99 Vtec,
LLC                                 }   228-11-99 Vtec and 103-5-
                                    }   00 Vtec
                                    }

<u>Decision and Order on Motions to Enter Partial Final Judgment, and for Interlocutory or
Collateral Final Order Appeal</u>

The above-captioned three appeals were taken by Appellant-Applicants Middlebury College and
Robert Karol and Dan Wolf, d/b/a KW Middlebury, LLC, ("Applicants") from three successive
decisions of the Planning Commission of the Town of Middlebury on the Applicants' successive
versions of a proposed Planned Unit Development ("PUD") to divide a 31-acre property located
generally between Middle Road and Creek Road and Route 7, now owned by Middlebury
College, and for KW Middlebury to develop a hotel/conference center and an office/apartment
building on the 4.1-acre portion of the site fronting on Route 7. The Court held eight days of
evidentiary hearings, and issued a Decision and Order on July 24, 2000, on motions for judgment
at the close of the Applicant's case.

The July 2000 Order granted in part the Town's and the Cross-Appellant/Interested Parties'
motions for judgment at the close of the Applicant's case, determining that the PUD Master Plan
for the whole parcel was inadequate under the Zoning Ordinance; that the Applicants must have
applied for and obtained a subdivision permit from the Planning Commission simultaneously
with the PUD application, as provided in § 550(III)(f)(2) of the Zoning Ordinance, before the
Court could proceed with the remainder of the application; and that under the Zoning Ordinance,
the design of the KW Middlebury portion of the project must be submitted to the Design
Advisory Committee prior to the Court's consideration of the adequacy of that design. The July
2000 Order specifically ruled that a requirement of a PUD under § 550(III)(e) of the Zoning
Ordinance is that "the project shall be an efficient and unified treatment of the development
possibilities of the site," and that for this PUD, "the site" means the overall 31-acre parcel, and
not simply Applicant KW Middlebury's intended portion of it[1].

Between that ruling and the spring of 2001, the parties to this and another Middlebury-area case
were involved in negotiations towards resolving both cases, which were unsuccessful with
respect to this case. Applicants then requested reconsideration of the July 2000 Order, which the
Court denied in an order issued in May 2001. In that order, the Court again noted Applicant KW
Middlebury's apparent desire to obtain rulings only regarding its plans for the 4.1-acre site,
without those rulings being linked to the overall development of the 31-acre site, and ruled that
the Planned Unit Development provisions of the Zoning Ordinance do not allow such rulings to
be made regarding only a portion of the overall site, especially in advance of the Planning
Commission's ruling on whether the subdivision of the overall site will be approved along the
boundary of the 4.1-acre parcel as proposed[2] to be acquired by KW Middlebury. In that ruling,

the Court specifically stated that it both 'cannot and does not wish to define the Applicants' strategy choices' as to the parcel it intended to acquire. The Court merely ruled that the subdivision of the overall parcel had to be ruled on by the Planning Commission before the Court could consider any proposal for construction on only a portion of the PUD property.

Also in the July 2000 Order, the Court ruled that the remaining "key issues" of traffic impact and impact on the downtown could go forward before the Court, if the Applicants wished to do so, while the other remanded issues were being considered by the Planning Commission and the Design Advisory Committee. Applicants do not wish to do so, and instead have filed an appeal of the July 2000 Order and the May 2001 denial of reconsideration, under the provisions of V.R.A.P. 3. They have also moved this Court for V.R.C.P. 54(b) designation of the July 2000 ruling as an appealable partial final order, and have requested interlocutory appeal.[3]

Interlocutory or Collateral Final Order Appeal

All three of the issues decided by the Court in the order which Applicants seek to appeal meet the requirements for a collateral final order appeal. The order conclusively determined the following important disputed issues completely separate from the merits of the action, and these issues would be effectively moot and therefore unreviewable on appeal from a final judgment. V.R.A.P. 5.1(a).

(1) Whether Applicants have to obtain subdivision approval simultaneously with the PUD application, as provided in § 550(III)(f)(2) of the Zoning Ordinance, before the Court can proceed to consider the PUD application;

(2) Whether the PUD Master Plan for the whole parcel was inadequate under the Zoning Ordinance (§ 550(III)(e)) to allow the Planning Commission and hence the Court to make any rulings on the KW Middlebury portion of it.

(3) Whether the design of the KW Middlebury portion of the project must be submitted to the Design Advisory Committee prior to the Planning Commission's and hence the Court's consideration of the adequacy of that design.

Accordingly, permission to take a collateral final order appeal on these three issues is GRANTED.

On the other hand, the order which Applicants seek to appeal does not involve a controlling question of law as to which there is substantial ground for difference of opinion, because the two questions of law numbered (1) and (3) above are required by the Zoning Ordinance and there is not substantial ground for difference of opinion. Nor may an immediate appeal materially advance the termination of the litigation as a whole, although it could materially advance the termination of the litigation before this Court. V.R.A.P. 5(b). Accordingly, permission to take an interlocutory appeal is DENIED.

As to V.R.C.P. 54(b), none of the claims has been finally adjudicated, and therefore the Court cannot enter final judgment as to any of the claims. The Court ruled that a complete Master Plan

for the entire 31-acre parcel, and a proposal to subdivide that parcel, must be submitted to the Planning Commission before the Planning Commission (or the Court) would be able to rule on KW Middlebury's portion of that PUD, because the infrastructure to be established by that Master Plan and by the subdivision line will control, at a minimum, what land is available to KW Middlebury for its project, the natural constraints (such as wetlands) on that land, and what roads will be available to KW Middlebury for access to its project. Accordingly, Applicants' motion for the entry of final judgment on any claims is DENIED.

Done at Barre, Vermont, this 27th day of July, 2001.

_____

Merideth Wright
Environmental Judge

**Footnotes**

[1.]     Applicant KW Middlebury has persisted in attempting to define the project before the Court as "the hotel and office building and not the development of the larger parcel." (See, e.g., its Memorandum filed on April 20, 2001, p.3, fn. 3). The Court ruled that the Zoning Ordinance does not permit a PUD to be considered in this restricted way. It ruled that the Planning Commission (and hence the Court in the de novo appeal), may give a preliminary ruling on the overall PUD proposal, or may give a partial ruling on certain limited issues (as was done in this case), but that it may not under the Zoning Ordinance address only a portion of the property proposed for the PUD

[2.]     In the May 2001 ruling, the Court specifically noted that it had not ruled against Applicant KW Middlebury's proposed design for a single-building hotel, and that it remained entirely possible that a single-building hotel could be built on the 4.1-acre site or whatever other configuration of property ends up emerging from the subdivision proceedings as KW Middlebury's front parcel. But the Court also stated that it could not rule on KW Middlebury's design issues in advance of knowing the lot sizes and shapes, road placement or other factors regarding the overall Master Plan for the 31-acre parcel.

[3.]     Applicants have requested what amounts to V.R.A.P. 5.1 collateral final order appeal in the guise of V.R.A.P. 5 interlocutory appeal, apparently believing that V.R.A.P. 5.1's reference to 'superior or district court' precludes a motion for collateral final order appeal to the Environmental Court under that rule, even though V.R.A.P. 5 contains similar language.